AO 91 (Rev. 11/11) Criminal Complaint

RD

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America<br>v.<br>Jorge Said DIAZ<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 2:23-mj-686 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 22, 2023__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-Entry of a Removed Alien. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ronnie Winters, Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __December 8, 2023__

_____
Kimberly A. Jolson
United States Magistrate Judge

City and state: __Columbus, OH__

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ARREST OF<br><br>Jorge Said DIAZ<br>  a/k/a Jorge DIAZ | Case No. 2:23-mj-686 |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Ronnie Winters, being first duly sworn, hereby depose and state as follows:

### AFFIANT BACKGROUND

1. I am employed as a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"). I have been employed with ERO since June 2008. ERO upholds immigration law at, within, and beyond the United States borders and targets for enforcement foreign nationals who present a danger to the national security of the United States, are a threat to public safety, or who otherwise have undermined the integrity of the United States immigration system.

2. I successfully completed the Immigration Enforcement Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I am an "Immigration Officer" as defined by Title 8, U.S.C., Section 1101.

3. I have participated in the preparation of affidavits in support of arrest warrants for violations of Title 8 of the United States Code. At all times during this investigation described in the affidavit, I have acted in my official capacity involving crimes ERO is authorized to investigate.

## SOURCES OF INFORMATION

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. This affidavit is submitted in support of an application for a criminal complaint and arrest warrant for Jorge Said DIAZ a/k/a Jorge DIAZ ("DIAZ") a native and citizen of Mexico. Based on the facts set forth in this affidavit, there is probable cause to believe that DIAZ violated 8 U.S.C. § 1326(a), Re-Entry of Removed Aliens.

## PROBABLE CAUSE

5. On or about December 7, 2004, the United States Border Patrol encountered Jorge Said DIAZ at or near Hidalgo, TX after wading across the Rio Grande River near the Hidalgo Port-of-Entry. DIAZ was subsequently arrested for violating Section 212(a)(6(A)(i) of the Immigration and Nationality Act. DIAZ was issued a Notice to Appear before an Immigration Judge. DIAZ's biometrics-fingerprints and photograph-were enrolled in the United States Department of Homeland Security's, Office of Biometric Identification System (IDENT). IDENT assigned Fingerprint Identification Number (FIN)16230900 to biometrics and Alien Registration Number 098 593 839.

6. On or about May 10, 2005, DIAZ was ordered removed by an Immigration Judge in Harlingen, TX pursuant to Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act. On September 4, 2008, DIAZ was physically removed on that order at the Columbus, GA Port of Entry. On that day, DIAZ surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same form. Immigration Officers witnessed DIAZ's departure and documented it by way of signature on Immigration Form I-205.

7. On or about April 13, 2010, DIAZ was encountered by the United States Border Patrol in Laredo, TX. DIAZ's prior order of removal from May 10, 2005, was then reinstated. On May 27, 2010, DIAZ was physically removed on that order from the Harlingen, TX Port of Entry. On that day, DIAZ surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same form. Immigration Officers witnessed DIAZ's departure and documented it by the way of signature on Immigration Form I-205.

8. On or about March 28, 2018, DIAZ was encountered by United States Border Patrol in Rio Grande Valley, TX sector. DIAZ's prior order of removal from May 10, 2005, was then reinstated. On April 13, 2018, DIAZ was physically removed from the Brownsville, TX airport. On that day, DIAZ surrendered his and photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same form. Immigration Officers witnessed DIAZ's departure and documented the departure by the way of signature on Immigration Form I-205.

9. On or about May 12, 2020, DIAZ was encountered by Immigration and Customs Enforcement in Columbus, Ohio. DIAZ's prior order of removal from May 10, 2005, was then reinstated. On June 19, 2020, DIAZ was physically removed from the Alexandria, LA Port of Entry. On that day, DIAZ surrendered his photo for Immigration Form I-205 (Warrant of Removal/Deportation) and signed the same form. Immigration Officers witnessed DIAZ's departure and documented the departure by the way of signature on Immigration Form I-205.

10. On an unknown date and time after June 19, 2020, DIAZ reentered the United States without being inspected by an Immigration Official. DIAZ was found in the Southern District of Ohio after being arrested for an outstanding warrant out of Franklin County, Ohio by the Lancaster Ohio Police Department.

## BACKGROUND INFORMATION ON FINGERPRINT IDENTIFICATION NUMBERS

11. The United States Department of Homeland Security, Management Directorate, Office of Biometric Identity Management ("OBIM") provides DHS and its mission partners with biometric identity services that enable national security and public safety decision-making. OBIM oversees the Automated Biometric Identification System, which is referred to as "IDENT."

12. IDENT is the primary repository of biometric information held by DHS in connection with its several and varied missions and functions, including, but not limited to: the enforcement of civil and criminal laws, including immigration investigations, inquiries, and proceedings; and national security and intelligence activities. IDENT is the centralized DHS-wide biometric database that also contains limited biographic and encounter history information needed to place the biometric information in proper context. IDENT records produced in this format may contain redactions of information where disclosure of that information may reasonably be expected to harm the law enforcement or national security interests of the United States.

13. When a set of fingerprints is submitted to IDENT, the system automatically assigns that set of fingerprints an Encounter Identification Number (EID) and other transactional metadata to link the fingerprints and accompanying photograph (if available) with associated biographic data including, where available, the name of the individual whose biometrics are collected, document number, gender, and date of birth. The IDENT system then compares the newly submitted fingerprints against the existing repository of data to determine whether the new set matches any fingerprints already enrolled in the system. If there is no match, i.e., it is the first enrollment of that set of unique fingerprints, IDENT assigns a Fingerprint Identification Number

(FIN) to that newly submitted set of fingerprints which serves as a unique identifier for that person. If there is a match, i.e., the fingerprints had been previously enrolled in IDENT, the new EID is automatically linked to the existing FIN. The FIN enables IDENT to biometrically link and associate multiple biometric encounters, even in cases where the biographic information may not be the same in each encounter.

14. On September 21, 2023, DIAZ was arrested by the Lancaster Ohio Police Department on an outstanding warrant for Domestic Violence and Assault. During the intake process at the Franklin County Ohio Jail, DIAZ's biometrics were taken. Immigration and Customs Enforcement officers requested a copy of the biometrics and screened them in Immigration databases for potential matches. A positive match to FIN 16230900 was received verifying that DIAZ is present in the United States. DIAZ has not applied for reentry in the United States.

## CONCLUSION

15. Based on the information summarized above, there is probable cause to believe that DIAZ, a native and citizen of Honduras, violated 8 U.S.C. § 1326(a) (Re-Entry of Removed Aliens) in the Southern District of Ohio. Accordingly, I respectfully request this Court authorize this criminal complaint and issue an arrest warrant.

FURTHER AFFIANT SAYETH NOT

Ronnie Winters
Deportation Officer
Enforcement and Removal Operations
Immigration and Customs Enforcement
Columbus, Ohio

SUBSCRIBED AND SWORN TO ME ON THIS  8th   DAY OF DECEMBER, 2023 VIA TELEPHONE AFTER SUBMISSION BY RELIABLE ELECTRONIC MEANS. FED. R. CRIM. P. 4.1 AND 41(d)(3).

_____
Kimberly A. Jolson
United States Magistrate Judge